# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER SLAUGHTER, | : | Civil No. 1:20-cv-0139 |
| Petitioner, | : | |
| v. | : | |
| LAUREL HARRY, *et al.*, | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Petitioner Christopher Slaughter filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2014 conviction in the Dauphin County Court of Common Pleas, Pennsylvania.  (Doc. 1.)  He names Laurel Harry, the Superintendent of SCI-Camp Hill as the Respondent.[1] Respondent has filed a response to the § 2254 petition (Doc. 13), and although provided an opportunity to reply, (Doc. 10), Petitioner has not filed a timely traverse, nor requested an enlargement of time within which to do so.  For the following reasons, the court will dismiss the petition as time-barred.  A certificate of appealability will not be issued.

---

[1] Petitioner also names the Pennsylvania Attorney General as a respondent in this action. However, as custodian of petitioner, Superintendent Harry is the proper respondent and the remaining respondent shall be dismissed from this action with prejudice. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

## BACKGROUND

On August 13, 2014, a jury found Petitioner guilty of aggravated assault of a police officer, aggravated assault, fleeing or attempting to elude an officer, recklessly endangering another person, and possession with intent to deliver a controlled substance. (Doc. 13-1 at 7, 12.) On November 4, 2014, Slaughter was sentenced to an aggregate sentence of twenty-nine and one-half to fifty-nine years' incarceration. (*Id.* at 13.)

Petitioner filed a counseled notice of appeal on November 10, 2014. (*Id.*) On December 14, 2015, the Pennsylvania Superior Court affirmed Slaughter's judgment of sentence. (Doc. 13-2 at 1-7, *Commonwealth v. Slaughter*, 432 MDA 2015, 2015 WL 8673076 (Pa. Super. Dec. 14, 2015) (slip op.)). Slaughter did not file a petition with the Pennsylvania Supreme Court.

On March 28, 2016, Slaughter filed a timely petition for post-conviction relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9545, et seq. (Doc. 13-1 at 16.) The PCRA court appointed counsel on April 4, 2016. (*Id.*)

On July 1, 2016, PCRA counsel filed a motion to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (en banc). (*Id*. at 17.) On September 13, 2016, the

PCRA court entered an order permitting counsel to withdraw and providing Slaughter with notice of the PCRA court's intent to dismiss his petition pursuant to Pa.R.Crim.P. 907. (*Id.*) On December 2, 2016, Slaughter filed a response to the PCRA court's notice of intent to dismiss. (*Id.*) The PCRA court dismissed Slaughter's PCRA petition on December 21, 2016. (*Id.*)

On July 3, 2017, Slaughter filed a timely *pro se* notice of appeal on January 3, 2017. (*Id.*) On January 18, 2018, the Pennsylvania Superior Court affirmed the PCRA court's denial of the petition. (Doc. 13-3 at 1–6, *Commonwealth v. Slaughter*, 289 MDA 2017, 2018 WL 466235 (Pa. Super. Jan. 18, 2018) (non-precedential)). Slaughter did not appeal to the Pennsylvania Supreme Court.

Slaughter filed his present § 2254 petition on January 21, 2020, pursuant to the mailbox rule.[2] (Doc.1.) Respondent contends that the petition is untimely. (Doc. 13). Although provided an opportunity by this court to file a reply in the May 27, 2020 show cause order, s*ee* Doc. 10, Slaughter has not filed a traverse within fourteen days of Respondent's filing, nor requested an enlargement of time within which to do so.

---

[2] The "prisoner mailbox rule" dictates that the filings of pro se prisoners are deemed filed on the date deposited in the prison mailbox or given to prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266 (1988).

## JURISDICTION

A federal court is allowed to entertain a petition for writ of habeas corpus on behalf of a person in state custody pursuant to the judgment of a state court "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

## DISCUSSION

### A. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") supplies a one-year statute of limitations for § 2254 petitions filed by a person in state custody. *See* 28 U.S.C. § 2244(d)(1). Specifically, 28 U.S.C. § 2244(d) provides in relevant part:

> (1) A 1-year period of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of ---
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2); *see also Wall v. Kholi*, 562 U.S. 545, 550 (2011) (discussing application of § 2244's timeliness requirements); *Romansky v. Supt. Greene SCI*, 933 F.3d. 293, 298-99 (3d Cir. 2019) (same).

Slaughter had one year from the date his conviction became final to seek federal habeas corpus relief via 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1).[3] Slaughter's judgment of sentence became final on Wednesday, January 13, 2016, when his time for seeking a direct appeal in the Pennsylvania Supreme Court expired. *See* Pa. Con. Stat. § 9545(b); Pa. R.A.P 903(a) (notice of appeal to Supreme Court "shall be filed within 30 days after the entry of the order from which the appeal is taken"). Thus, Slaughter had one year from that date, or until Friday, January 13, 2017, to file a federal habeas corpus petition. Slaughter's habeas corpus petition, filed on January 21, 2020, exceeded the one-year filing limitations period. Consequently, unless Slaughter's petition is subject to statutory or equitable tolling, it is time-barred. These tolling issues are addressed next.

---

[3] Although 28 U.S.C. § 2244(d)(1) provides for other triggering events of the one-year limitations, none apply here. *See* 28 U.S.C. § 2244(d)(2)–(4).

**B. Statutory Tolling**

The one-year AEDPA limitations period is statutorily tolled during the pendency of a "properly filed" state post-conviction or other collateral review proceeding. *See* 28 U.S.C. § 2244(d)(2). A prisoner's application for state collateral review is " 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Jenkins v. Supt. of Laurel Highlands*, 705 F.3d 80, 85 (3d Cir. 2013) (quoting *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)). A state post-conviction motion or other collateral review is "pending" from the date it is filed until the date the court rules on the petition as well as "the time during which an appeal could be filed even if the appeal is not eventually filed." *Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000).

On March 28, 2016, Slaughter filed a timely PCRA petition. Consequently, the AEDPA's statute of limitations was successfully tolled from March 28, 2016 until February 19, 2018,[4] the expiration of the thirty-day appeal window for Slaughter to appeal to the Pennsylvania Supreme Court from the Pennsylvania Superior Court's January 18, 2018 affirmance of Slaughter's PCRA denial. Absent further statutory or equitable tolling, the AEDPA's limitation period expired on December 6, 2018 which deadline includes the 290 remaining days in the period of

---

[4] Technically, Saturday, February 17, 2019, concluded the one-year filing period. However, as the last day of the limitations period fell on a Saturday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(C).

limitations prior to the tolling period.  As a result, Slaughter's habeas corpus petition, filed on January 21, 2020, is time-barred.

### C. Equitable Tolling

The AEDPA's one-year limitations period may be subject to equitable tolling when the petitioner shows that he "has been pursuing his rights diligently," and yet "some extraordinary circumstance stood in [the] way and prevented timely filing" of the habeas petition.  *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013).  "However, courts need to be 'sparing in their use of' the doctrine," *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011) (quoting *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)), as it does not extend to a "garden variety claim of excusable neglect."  *Schlueter v. Varner*, 384 F.3d 69, 83 (3d Cir. 2004) (citing *Irwin v. Dep't Veterans Affairs*, 498 U.S. 89, 96 (1990)).  Accordingly, equitable tolling is used only in "extraordinary" and "rare" circumstances.  *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006).  The petitioner bears the burden of showing that she is entitled to benefit from equitable tolling.  *See Pace*, 544 U.S. at 418.

Slaughter makes no argument in support of equitable tolling.  In fact, Slaughter's petition assumes the claims raised to be unexhausted and argues that although "he may be procedurally barred from filing and raising his constitutional violation claims," he believes that "if given the chance, the petitioner will

demonstrate cause for the default and prejudice resulting therefrom." (Doc. 1 at 13.) Consequently, based on the record before the court, Slaughter has not presented an exceptional circumstance that would warrant equitable tolling of AEDPA's 1-year limitations period.

### D. Actual Innocence

Aside from statutory and equitable tolling of AEDPA's limitation period, the Supreme Court has also recognized that a credible showing of actual innocence may allow a prisoner to pursue her constitutional claims on the merits despite the existence of "a procedural bar ... or ... expiration of the statute of limitations" under the fundamental miscarriage of justice exception. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To prevail under this standard, the petitioner must show that "it is more likely than not that no reasonable juror would have convicted [him] in the light of new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "In this context, actual innocence refers to factual innocence, not legal insufficiency." *Reeves v. Fayette SCI*, 897 F.3d 154, 160 (3d Cir. 2018) (citing *Sistrunk v. Rozum*, 674 F.3d 181, 191 (3d Cir. 2012)).

When evaluating whether it is more likely than not that no reasonable juror would convict the petitioner based on the "new evidence," the court "must consider all of the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under the rules of admissibility that

would govern at trial." *House v. Bell*, 547 U.S. 518, 538 (2006).  The gateway actual innocence standard is "demanding" and satisfied only in the "rare" and "extraordinary" case where "a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggin*, 569 U.S. at 386, 392 (internal quotation marks and citations omitted).

Again, aside from making the conclusory statement in his petition "that he is actually innocent of the crime for which he was convicted", *see* Doc. 1 at 13, Slaughter offers no newly discovered evidence or newly presented evidence to sustain such a claim.  Accordingly, there is no cause to excuse his untimeliness based on his unsupported allegation of actual innocence.

## Conclusion

For the foregoing reasons, Slaughter's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 will be dismissed because it is time barred.

## Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that

jurists of reason could disagree with the district court's resolution of this constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003).  Slaughter fails to demonstrate that a COA should issue.

The denial of a COA does not prevent Slaughter from appealing the order denying her petition so long as he seeks, and obtains, a COA from the Third Circuit Court of Appeals.  *See* Fed. R. App. 22(b)(1).

An appropriate order will issue.


s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: August 3, 2020